**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**TRENTON VICINAGE**

**NICHOLAS FINLEY,** on behalf of himself and all others similarly situated,

*Plaintiff,*

v.

**BOSCH HEALTH LLC**

*Defendant.*

Civil Case No.: 25-18505

## CLASS ACTION COMPLAINT

1. Nicholas Finley ("Plaintiff") brings this class action against Bosch Health LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing to be delivered, more than one advertisement or marketing call or text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission as required by the TCPA.

## INTRODUCTION

3. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to American's "outraged over the proliferation of intrusive, nuisance calls to their homes from

telemarketers" *id.* § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms" *id.* § 2(9).

4. "[T]he law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

**<u>JURISDICTION AND VENUE</u>**

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

6. This court has personal jurisdiction over the Defendant because Defendant conducts business transactions in this District and has committed tortious acts in/from this District.

For example, Defendant targeted a resident of this District who's area code is (732), which is associated with the State of New Jersey.

7. Venue is proper in this District because Plaintiff resides in this District and because some of the wrongful conduct giving rise to this case occurred in, and was directed to this District.

**PARTIES**

8. Plaintiff is a natural person residing in Ocean County, New Jersey.

9. Defendant is a Texas limited liability company with a principal place of business located at 908 Edinburgh Drive, Anna, TX 75409.

**PLAINTIF'S ALLEGATIONS**

10. Plaintiff is, and has been for at least five years, the subscriber to and customary user of his cellular telephone number—732-703-XXXX.

11. Plaintiff uses, and at all times has used, telephone number 732-703-XXXX as his personal residential telephone number.

12. Plaintiff does not use, and at no time used, telephone number 732-703-XXXX for business or commercial purposes.

13. Plaintiff registered his number on the National Do Not Call Registry on July 8, 2023, at least 30 days prior to receiving the text messages at issue.

14. Despite this, Defendant sent at least four text messages to Plaintiff on November 3, 4, and 13, 2025.

15. The text messages were sent from 703-454-8616.

16. Screenshots of the text entries are provided below:


11:56
60%
(703) 454-8618
Monday • 2:33 PM
Texting with (703) 454-8618 (SMS/MMS)
Hi Ryan, this is Joel with Bosch Health LLC. Finding the right healthcare benefits can be overwhelming, Want me to email over a few recommendations? ...If this was a mistake, please reply 'cancel'.
Tuesday • 10:56 AM
Hi Ryan, this is Joel with Bosch Health LLC. Its the time of year to select your health plan, would you prefer to chat on the phone or an email quote?
Yesterday • 10:14 AM
Hi Ryan, this is Joel with Bosch Health LLC. When would be the best time to go over some health insurance options?
10:30 AM
Text message


11:56
60%
(703) 454-8618
Yesterday • 10:14 AM
Hi Ryan, this is Joel with Bosch Health LLC. When would be the best time to go over some health insurance options?
10:30 AM
Hi Ryan, this is Joel with Bosch Health LLC. you've probably heard from several agents already, that why I never call at first. Would texting or emailing be more convenient for you?
11:38 AM
What is your website
Unread
boschhealth.com
Tap to load preview
Text message

17. The subject text messages were intended for someone other than, and unknown to, Plaintiff.

18. The purpose of the subject text messages was to advertise and market Defendant's business or services.

19. Plaintiff did not give Defendant prior express consent or permission to deliver, or cause to be delivered, advertisement or marketing text messages to telephone number 732-703-XXXX.

20. Plaintiff did not request information or promotional materials from Defendant.

21. Upon information and good faith belief, Defendant knew, or should have known, that telephone number 732-703-2230 was registered with the DNC Registry.

## CLASS ACTION ALLEGATIONS

22. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of the following class ("the Class") of all other persons or entities similarly situated throughout the United States.

> **National DNC Class:** All persons throughout the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing text message or call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

23. Excluded from the Class are counsel, the Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

24. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of its agents.

25. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

26. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Class, and Defendant has no defenses unique to Plaintiff.

27. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

a) Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

b) Whether Defendant's conduct constitutes a violation of the TCPA; and

c) Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

28. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large

number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

29. In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfy the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

a) The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b) The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c) Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

d) Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I

**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the National DNC Class)**

30. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1-29.

31. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

32. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

33. These violations were willful or knowing.

34. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

35. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An award to Plaintiff and the Class of damages, as allowed by law; and

F. Orders granting such other and further relief as the Court deems necessary, just, and proper.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Plaintiff,
By his attorneys,

**Dated:** December 11, 2025

s/ *Max S. Morgan*_____________
Max S. Morgan, Esquire
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

Anthony I. Paronich*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[f] (508) 318-8100
anthony@paronichlaw.com
*Pro Hac Vice Application Forthcoming*