Max S. Morgan, Esq.
THE WEITZ FIRM, LLC
1515 Market Street #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

Anthony Paronich, Esq.*
PARONICH LAW, P.C.
350 Lincoln Street
Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

*admitted *pro hac vice*

(*Additional counsel listed on signature page*)

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON VICINAGE**

| | |
|---|---|
| NICHOLAS FINLEY, *on behalf of himself and others similarly situated*,<br><br>     *Plaintiff*,<br><br>v.<br><br>BOSCH HEALTH LLC,<br><br>     *Defendant*. | Civil Action No. 3:25-CV-18505-MAS-TJB<br><br>Hon. Michael A. Shipp, U.S.D.J.<br><br>Hon. Tonianne J. Bongiovanni, U.S.M.J. |

**PLAINTIFF'S OPPOSITION TO MOTION TO WITHDRAW**

Plaintiff, Nicholas Finley ("Plaintiff"), files this Opposition to Motion to Withdraw [Dkt. 25] (the "Motion") and states as follows:

**RELEVANT PROCEDURAL AND FACTUAL HISTORY**

Plaintiff initiated this class action lawsuit on December 11, 2025. [Dkt. 1]. On December 13, 2025, Defendant Bosch Health LLC ("Defendant") was served. [Dkt. 3]. On February 4, 2025, Defendant filed its Motion to Dismiss. [Dkt. 8]. On March 2, 2026 Plaintiff filed his Opposition. [Dkt. 12]. Defendant moved for an extension of time to file a reply [*see* dkt. 13], but did not file a reply. On March 16, 2026, Defendant filed a Notice of Errata to bring to the Court's attention certain citation errors. [*See* Dkt. 22]. On March 16, 2026, March 30, 2026 and April 6, 2026, Plaintiff filed Notices of Supplemental Authority, further supporting Plaintiff's position. [Dkts. 21, 23, 24]. Defendant's motion remains pending.

On April 7, 2026, Defendant's local counsel moved to withdraw. [Dkt. 25]. In the motion, Defendant's local counsel states that the law firm "Briones PC has served as lead counsel in this case, including with the client relationship, and [Spiro Harrison & Nelson] has assisted as local counsel." [Dkt. 25-1 at 2]. But, no attorney from Briones PC has entered an appearance in the case and Sprio Harrison & Nelson is the only law firm of record. In addition, no substitute counsel has entered an appearance. If the Motion is granted, it would leave Defendant, a limited liability company, without counsel in this case which is prohibited.

1

## LEGAL STANDARD

A motion to withdraw as counsel is governed by Local Civil Rule 102.1 and New Jersey Rule of Professional Conduct 1.16(b). *See United States ex rel. Cherry Hill Convalescent Ctr., Inc. v. Healthcare Rehab Sys., Inc.*, 994 F. Supp. 244, 252-53 (D.N.J. 1997). Local Civil Rule 102.1 provides, in relevant part, "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court." L. Civ. R. 102.1. "Whether to permit an attorney to withdraw is within the discretion of the court." *Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996).

Courts in this District consider four criteria in evaluating a motion to withdraw: "(1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will delay resolution of the case." *U.S. ex rel. Cherry Hill Convalescent, Ctr.*, 994 F. Supp. at 252-53; *see also Haines v. Liggett Group,* 814 F. Supp. 414, 422-23 (D.N.J. 1993). The Court has discretion in determining whether counsel should be permitted to withdraw. *See, e.g., In re: Valsartan Products Liability Litig.*, No. 19-2875-RBK-JS, 2020 U.S. Dist. LEXIS 33373 at *36 (D.N.J. Feb. 27, 2020). And, a court may refuse to permit the withdrawal of counsel despite a showing of good cause. *See id*.

Finally, it is well-settled that corporations cannot appear *pro se* in federal court; they must be represented by licensed counsel. *See Rowland v. Cal. Men's*

2

*Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.") (citations omitted).  *See also Dougherty v. Snyder*, 469 F. App'x 71, 72 (3d Cir. 2012) (per curiam); *In re 69 N. Franklin Tpk., LLC*, 693 F. App'x 141, 144 (3d Cir. 2017) ("It is well established that a corporate entity such as a limited liability company may not proceed pro se and must be represented by legal counsel.").

## ARGUMENT

Plaintiff does <u>not</u> oppose the Motion if Defendant intends to engage new counsel and have new counsel enter his or her appearance before this Motion is granted.  If Defendant does not intend to engage new counsel and defend the case, Defendant would effectively be submitting to a default judgment.  *See Rowland*, 506 U.S. at 202 ("save in a few aberrant cases . . . 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.").  *See Linde Gas N. Am. LLC v. Irish Oxygen Co.,* No. 18-12365-FLW, 2020 U.S. Dist. LEXIS 11264, at *4 (D.N.J. Jan. 23, 2020) (striking corporate defendant's answer and entering default judgment against it, where defendant failed  to retain new counsel or "communicate[] with the Court as to its efforts, if any, to secure legal representation"); *Falato v. Fotografixusa, L.L.C.*,

3

No. 09-5232, 2013 U.S. Dist. LEXIS 104151, at *2-3 (D.N.J. July 25, 2013) (granting default judgment motion where defendant-limited liability company failed to retain new representation).

A default judgment and lack of participation in this matter from this point forward, may afford Defendant a strategic advantage, prejudice Plaintiff and hinder the administration of justice. First, if the Court denies the pending motion to dismiss, the parties would then engage in discovery, which is critical to Plaintiff's ability to obtain the class data (which is exclusively in Defendant's possession, custody or control) and to move for class certification. Even if Defendant defaults, Plaintiff will still seek discovery from Defendant to obtain the necessary class data to support his class certification motion.

In a TCPA class action lawsuit, a defendant's call records, calling lists and data are the <u>key</u> evidence necessary to determine whether a plaintiff can satisfy the requirement for class certification under Rule 23. *See Starling v. KeyCity Capital, LLC*, No. 3:21-cv-818-S, 2022 U.S. Dist. LEXIS 11438 at *10 (N.D. Tex. Jan. 21, 2022) ("District courts . . . routinely permit precertification discovery of call lists and call data in TCPA class actions."); *Warren v. Credit Pros Intl Corp.*, No. 3:20-cv-763-TJC-MCR, 2021 U.S. Dist. LEXIS 79150, 2021 WL 3552254, at *8 (M.D. Fla. Apr. 26, 2021) ("Plaintiff is also entitled to receive—prior to class certification—the documents and information related to the call logs, transmission

summaries, outbound call lists, and the information contained therein bearing on Defendant's communications with the putative class members"); *Johnson v. Moss Bros. Auto Group, Inc.*, No. 5:19-cv-2456-FMO-SP, 2020 U.S. Dist. LEXIS 167728, 2020 WL 6565315, at *7 (C.D. Cal. Sept. 14, 2020) (holding plaintiff in putative TCPA class action 'entitled to some class-wide discovery' at precertification stage and finding call logs, dial lists, and other documents concerning prerecorded messages relevant to issues of numerosity and commonality); *Medina v. Enhanced Recovery Co., LLC*, No. 2:15-cv-14342, 2017 U.S. Dist. LEXIS 186651, 2017 WL 5196093, at *3 (S.D. Fla. Nov. 9, 2017) ("Outbound call lists are relevant in TCPA class actions to establish the numerosity and commonality requirements for class certification under Rule 23, as well as to prove the merits of Plaintiffs' claims."); *Doherty v. Comenity Capital Bank,* No. 3:16-cv-1321-H-BGS, 2017 U.S. Dist. LEXIS 70873, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) (finding "outbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable.").

If current counsel withdraws and is not replaced and Defendant defaults and refuses to provide any call records or data in response to future discovery, Plaintiff will be prejudiced by his inability to obtain the information required to move for certification and contact class members – an outcome favorable to, and likely desired by Defendant.

5

Ultimately, the Court should stay decision on the motion to withdraw until the Court rules on the pending motion to dismiss and the parties have an opportunity to address discovery needs.

## CONCLUSION

Based on the foregoing, Plaintiff does not oppose the Motion if Defendant intends to engage new counsel and have new counsel enter their appearance before this Motion is granted. In the event Defendant does not intend to engage new counsel, Plaintiff requests that the Motion be denied as it will prejudice Plaintiff and the class for the reasons discussed above.

Dated: April 8, 2026                    Respectfully Submitted,

_s/ Max S. Morgan_
MAX S. MORGAN
THE WEITZ FIRM, LLC
1515 Market Street
Ste #1100
Philadelphia, PA 19102
(267) 587-6240
max.morgan@theweitzfirm.com

ANTHONY PARONICH*
PARONICH LAW, P.C.
350 Lincoln Street
Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

MATTHEW W.H. WESSLER*
JESSICA GARLAND**
GUPTA WESSLER LLP
2001 K Street NW

6

Suite 850 North
Washington, DC 20006
matt@guptawessler.com

*Counsel for Plaintiff*

\*admitted pro hac vice

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court in the Court of New Jersey by using the CM/ECF system. All participants are registered CM/ECF users and will be served by the CM/ECF system.

*s/ Max S. Morgan*
MAX S. MORGAN
